# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEMGENEX, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>TOM BALSHI, M.D., a Medical Corporation dba TOM BALSHI, M.D., P.A., TOM BALSHI, M.D., an individual and Does 1 through 20,<br><br>　　　　　　　　Defendants. | Case No.: 15cv0411 BTM(MDD)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY** |

Defendants filed a motion to dismiss for lack of subject matter and personal jurisdiction. In response to the motion, Plaintiff StemGenex ("Plaintiff" or "StemGenex") filed a request for leave to conduct jurisdictional discovery. For the reasons discussed below, Plaintiff's request is **GRANTED**.

## I. BACKGROUND

On March 24, 2015, Plaintiff commenced this action in the Southern District of California. Plaintiff, a California corporation, "conducts stem cell therapy research, actively provides information and education through various media

outlets about stem cell therapy and facilitates individual patient-candidates' access to physicians who are trained and qualified to perform the therapy." (Compl. ¶ 14.) Defendant Tom Balshi, M.D. P.A. ("Balshi P.A."), is a professional services corporation incorporated in Florida. (Ex. 1 to Def. RJN.) Defendant Tom Balshi ("Dr. Balshi"), is a doctor living in Florida and the "president, director, and sole shareholder of Balshi P.A." (Balshi Decl. ¶ 4.) Dr. Balshi maintains a website to promote his practice, specializing in stem cell treatment, cosmetic surgery, and dermatology, as well as a website for private-label skin care products. (Def. RJN ¶¶ 3–4.)

In June 2012, Dr. Balshi met Rita Alexander, President of StemGenex, at a medical conference in Marina Del Rey, California, where they discussed the possibility of entering into a contract together. (Balshi Decl. ¶ 16.) On August 30, 2012, on behalf of Balshi P.A., Dr. Balshi executed a two-year contract with Plaintiff. (Id. at ¶ 20.) The contract provided that Plaintiff would refer patients seeking stem cell therapies to Dr. Balshi, who would then perform stem cell procedures at a predetermined price. (Compl. ¶¶ 24–25.) Plaintiff claims that during their contractual relationship, StemGenex referred numerous patients and disclosed its proprietary information regarding business practices to Dr. Balshi. (Compl. ¶ 28.) It is unclear whether any of these patients originated in California,

2

but under the terms of the contract, all duties and responsibilities assigned to Dr. Balshi were to be performed in Florida. (Balshi Decl. ¶ 21.)

Plaintiff alleges that Dr. Balshi breached the terms of the contract by using proprietary information regarding business practices to divert patients, referred to him by Plaintiff, to a newly created company, Stemedix, Inc. ("Stemedix"). (Compl. ¶¶ 66, 69.) Plaintiff contends that Dr. Balshi essentially is Stemedix, and that Dr. Balshi admitted as much in a phone call with Ms. Alexander.[1] (Alexander Decl. ¶¶ 2–7.) Plaintiff also alleges that Dr. Balshi engaged in trademark infringement by using a name, website address, and website design that are all confusingly similar to StemGenex. (Compl. ¶¶ 56–57.) Plaintiff asserts claims against Defendants for: (1) trademark infringement under the Lanham Act, 15 U.S.C. § 1125(a), and (2) breach of contract.

## II. DISCUSSION

In Defendants' motion to dismiss for lack of subject matter jurisdiction and personal jurisdiction, Defendants argue that Dr. Balshi "did not form Stemedix, has no interest in Stemedix, and otherwise has no authority or control over Stemedix and its marketing efforts." (Doc. 7-1 at 8.) Therefore, Defendants claim, Plaintiff

---

[1] Defendants filed evidentiary objections [Doc. 15-1] to the declarations filed in support of Plaintiff's opposition. Defendants' objections, which were filed separately from the reply, violate Chambers' Civil rules and are therefore stricken.

does not have Article III standing to bring its claims because Plaintiff has not shown that Defendants caused Plaintiff's injuries or how those injuries would be redressed. Defendants further argue that neither Dr. Balshi nor Balshi P.A. has sufficient contacts with California that would subject them to this Court's personal jurisdiction.

In its opposition, Plaintiff does not extensively argue substantive matters but instead moves for leave to conduct limited jurisdictional discovery to resolve pertinent questions of fact and supplement its opposition to Defendants' motion to dismiss. As discussed below, the Court finds that jurisdictional discovery is warranted.

**A. Legal Standard for Jurisdictional Discovery**

District courts have broad discretion to grant discovery to establish jurisdiction. Laub v. U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003); see also Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n. 24 (9th Cir. 1977). Such discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986); see also Data Disc, Inc. v. Systems Tech. Assocs., Inc., 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977). "The Court

1  must weigh the prejudice to the complaining party if discovery is denied." <u>Andrews</u>
2  <u>v. Pride Indus.</u>, 2015 WL 1014133, at *5 (E.D. Cal. Mar. 6, 2015) (citing <u>Laub</u>, 342
3  F.3d at 1093). "Prejudice is established if there is a reasonable probability that the
4  outcome would have been different had discovery been allowed." <u>Id.</u> The Ninth
5  Circuit may find an abuse of discretion where a court denies discovery where such
6  discovery "*might* well demonstrate facts sufficient to constitute a basis for
7  jurisdiction." <u>Rutsky & Co. Ins. v. Bell & Clements Ltd.</u>, 328 F.3d 1122, 1135 (9th
8  Cir. 2003).

**B. Analysis**

Defendants contend that they do not have contacts with California that would support the exercise of general or specific jurisdiction. Significantly, Defendants deny any ownership or control of Stemedix. Although Plaintiff does not currently have sufficient evidence to establish that Dr. Balshi or Balshi P.A. may be held liable for the acts of Stemedix, Plaintiff has shown that discovery may uncover facts supporting jurisdiction over Defendants.

According to Defendants, their websites are not directed towards consumers in California. (Def. RJN ¶¶ 2–3.) Although Dr. Balshi traveled to California for business on one occasion (Balshi Decl. ¶¶ 15, 16, 26), Defendants argue that a single trip to a business conference in California is too "random," "fortuitous," or

1  "attenuated" to support finding minimum contacts. (Doc. 7-1 at 21.) Dr. Balshi
2  declares that he does "not own any interest in" Stemedix, is not "a shareholder,
3  officer, director or employee of that corporation," and has "no ability to control the
4  business activities of Stemedix, Inc." (Balshi Decl. ¶¶ 22–23.)

5  Fredrick Palmer, the apparent President of Stemedix, states that he is the
6  "sole officer and director" of Stemedix and that although Mr. Palmer is "personally
7  familiar with" Dr. Balshi, Dr. Balshi has "never been an officer, director, or
8  employee of Stemedix" nor "has held or claimed any ownership whatsoever in
9  Stemedix." (Palmer Decl. ¶¶ 8–16.) Mr. Palmer goes on to state that Dr. Balshi has
10 no authority to control Stemedix and had "no involvement" in the design of
11 Stemedix's marks, website, or other promotional material. (Palmer Decl. ¶¶ 17–
12 18.) Mr. Palmer attaches to his declaration Articles of Incorporation for Stemedix
13 as well as Annual Reports for 2014 and 2015.

14 In opposing the motion to dismiss, Plaintiff argues that it has reason to
15 believe that Defendants are behind Stemedix. Ms. Alexander claims that Dr. Balshi
16 admitted to her in a December 15, 2014 telephone call that he founded Stemedix
17 and that Stemedix was his "little company." (Alexander Decl. ¶¶ 4–5.) Plaintiff also
18 points out that Dr. Balshi has not declared whether any of his patients were or are
19 from California. (Opp. at 4.) Plaintiff contends that limited jurisdictional discovery
20

will allow it to prove or disprove Dr. Balshi's connection to Stemedix as well as any business that was conducted with California residents. (Opp. at 6.)

After reviewing the record, the Court finds that a more satisfactory showing of facts is necessary to determine whether there is jurisdiction over Defendants. At this point, it is unclear what, if any, relationship exists between Stemedix and Dr. Balshi. Moreover, the Court is unable to tell whether Dr. Balshi or Stemedix has treated patients from California.

If Plaintiff can discover facts showing that Dr. Balshi controlled or had an ownership interest in Stemedix, Plaintiff may very well be able to establish specific jurisdiction over Dr. Balshi by way of the Stemedix website. <u>See.</u>, <u>e.g.</u>, <u>Brayton Purcell LLP v. Recordon & Recordon</u>, 606 F.3d 1124 (9th Cir. 2010) (finding specific jurisdiction over defendant who operated a passive website, which allegedly copied material from plaintiff's website, because defendant's actions placed defendant in competition with plaintiff in the forum).  Defendants argue that even under Plaintiff's theory that Dr. Balshi is Stemedix, jurisdictional discovery should be denied because the Complaint does not allege alter ego liability or contributory infringement.  However, depending on the results of the discovery, Plaintiff can seek leave to amend the Complaint to conform to the evidence.

If Plaintiff can establish that the Court has specific jurisdiction over Dr. Balshi, Plaintiff may also be able to show that the Court has personal jurisdiction over Balshi P.A. through evidence supporting piercing of the corporate veil. See Stewart v. Screen Gems-EMI Music, Inc., __ F. Supp. 3d __, 2015 WL 890994, at * 8 (N.D. Cal. March 2, 2015) (discussing the propriety of imputing contacts under the alter ego theory).[2] Although Plaintiff does not specifically allege in the Complaint that Dr. Balshi is the alter ego of Balshi P.A., it appears that Plaintiff is operating under the assumption that this is the case. Again, at this juncture, the Court's concern is whether Plaintiff can discover evidence supporting the exercise of personal jurisdiction under a valid legal theory, not whether the theory is currently alleged in the Complaint.

Because discovery may uncover jurisdictionally relevant facts that will help the Court determine whether it may exercise over Defendants, the Court grants Plaintiff's request for limited jurisdiction discovery, and defers ruling on the motion to dismiss for lack of personal jurisdiction. The Court also defers ruling on the motion to dismiss for lack of subject matter jurisdiction because the Article

---

[2] To pierce the corporate veil and establish an alter ego relationship, Plaintiff must establish (1) that there is such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) that if the acts are treated as those of the corporation alone, an inequitable result will follow. Mesler v. Gragg Mgmt. Co., 39 Cal.3d 290, 300 (1985).

III issue – i.e., who caused Plaintiff's injuries – is intertwined with the personal jurisdiction inquiries.

### III. **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for leave to conduct jurisdictional discovery is **GRANTED**. Plaintiff may conduct discovery regarding (1) Defendants' contacts with California; (2) facts concerning Defendants' interest in Stemedix or Defendants' interaction with Stemedix or its officers or directors; and (3) facts relevant to an alter ego inquiry with respect to Dr. Balshi and Balshi P.A.

Jurisdictional discovery shall be completed within 90 days of the entry of this order. Plaintiff will then have 20 days after the close of jurisdictional discovery to supplement its opposition. Within 14 days of the filing of the supplemental opposition, Defendants may file a supplemental reply. The Court refers the parties to Magistrate Judge Dembin for purposes of setting schedules and restrictions on the discovery.

**IT IS SO ORDERED.**

Dated: July 27, 2015

Barry Ted Moskowitz, Chief Judge
United States District Court